(67 Misc. Rep. 656.)

BURROW v. MARCEAN et al.

(Supreme Court, Special Term, New York County. May, 1910.)

TRADE-MARKS AND TRADE-NAMES (§ 33*)—WHAT CONSTITUTES—ASSIGNABILITY.

The photograph business is in the nature of a profession as distinguished from a trade or mercantile pursuit, and the name "Sarony," used as a trade-mark, was personal to the photographer and not assign-

able, and a printer who is not a photographer, holding himself out as "Sarony," is perpetrating a fraud, and equity will not relieve him.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 37; Dec. Dig. § 33.*]

Action by Ernest M. Burrow against Theodore Marcean and others. Motion to dismiss complaint granted.

See, also, 124 App. Div. 665, 109 N. Y. Supp. 105, 126 App. Div. 910, 110 N. Y. Supp. 1124.

Allen & Sabine, for plaintiff.

M. Goodman (Morgan J. O'Brien, of counsel), for defendants.

O'GORMAN, J.   The evidence prescribes a clear case of unfair competition which would justify equitable relief if the plaintiff's own conduct were free from criticism, but the photographic business is in the nature of a profession or calling as distinguished from a trade or mercantile pursuit, and the trade-mark "Sarony" being personal to Napoleon Sarony, because of his personal skill and artistic excellence, was not assignable. When the plaintiff, who is a printer and not a photographer, holds himself out as "Sarony" and "the original Sarony," he is perpetrating a fraud upon the public, and in such a case equity will withhold relief.   Prince v. Prince, 135 N. Y. 24, 31 N. E. 990, 17 L. R. A. 129;  Hegeman v. Hegeman, 8 Daly, 1.

Complaint dismissed, with costs.